# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KEVIN DOUGLAS MCGEE, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CEO DONNA ANDERSON, et al., ) <br> ) <br> Defendants. | Case No. 4:24-cv-00656-SEP |

### MEMORANDUM AND ORDER

Before the court is pro se Plaintiff Kevin McGee's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [3]. The application is granted, but for the reasons set forth below, the case is dismissed.

#### FACTS AND BACKGROUND

Plaintiff is in the custody of the Missouri Department of Mental Health (MDMH) at the Southeast Missouri Mental Health Center (SEMMHC) in Farmington, Missouri. Doc. [1] at 2. Plaintiff is a frequent self-represented and *in forma pauperis* litigator in this Court since 1997, having filed approximately fifteen 42 U.S.C. § 1983 actions (not including this one) and eighteen applications for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

According to Plaintiff's pleadings in this case and others, in 1988, he pled not guilty by reason of mental disease or defect to charges of third-degree misdemeanor assault and flourishing a deadly weapon in the Circuit Court of Cape Girardeau County, Missouri. *State v. McGee*, No. CR-587-1152 (32nd Jud. Cir. 1988). The state court accepted his plea and committed him to the custody of the Director of the MDMH. Plaintiff did not appeal.

Independent review of Missouri Case.net, the State of Missouri's online docketing system, shows that Plaintiff has filed several habeas petitions in state court. *See McGee v. Anderson*, No. 23CG-CC00286 (32nd Jud. Cir. 2023); *McGee v. Hacker & Inman*, No. SC98934 (Mo. 2021); *McGee v. Stringer*, No. 17SF-CC00088 (24th Jud. Cir. 2017); *McGee v. Moll*, No. 17SF-CC00089 (24th Jud. Cir. 2017). All such petitions have been denied. Most recently, the state court denied a petition alleging that Plaintiff's 1988 plea was involuntary and defective. *See McGee v. Anderson*, No. 23CG-CC00286 (32nd Jud. Cir. 2023) (petition denied May 13, 2024).

Plaintiff filed the instant complaint under 42 U.S.C. § 1983 against three defendants (1) Donna Anderson, CEO of SEMMHC; (2) Valerie Huhn, director of MDMH; and (3) Debra Miles, a doctor employed by MDMH.  Doc. [1] at 1-3.  Plaintiff brings his claims against Defendants Huhn and Miles in their individual capacities, but he does not specify the capacity in which he sues Anderson.  *Id.*  Plaintiff's "Statement of Claim" states:

> I caught a case out of Jackson County
> 1) Flourishing a weapon
> 2) 3rd degree assault
> 3) Theft not over $150.00
>
> Case No # CR587-1152 F.X.
>
> I went to Court in Cape[.]  [T]his is what they call my Index Crime[.]  Accosted at 135 S. Spanish St. in Cape Girardeau.
>
> I was adjudicated § RSMo 552.030[.]  I plead this Insanity defense June 8th 1988.  Altogether Sirs I've been in this state asylum practically 4 decades.

*Id.* at 4.  In the "Injuries" section of the Complaint, Plaintiff states: "No Injuries Sir."  *Id.*  And in the "Relief" section, Plaintiff asserts that this case is being brought under "Mo. Constitutional Laws 632.435, Article 5, Section 14."  *Id.* at 5.  He states he is "seeking the Relief Rule 91.01, Rule 91, Rule 91.04."  *Id.*  On his Civil Cover Sheet, Plaintiff summarizes his cause of action as "Plaintiff 2nd Class Citizen."  Doc. [1-3].

On June 25, 2024, the Court received an untitled one-page supplemental filing from Plaintiff.  *See* Doc. [6].  The filing is unsigned, but it includes the case number and was received in an envelope with Plaintiff's name and return address.  The filing states that "Vice President Kamala Harris is a witch and her and her followers pray and worship wicca the witch."  *Id.* at 1.  It goes on to state that "Chief Justice Paul C Wilson" worships and prays to "Satan the Devil" and that "President Joe Biden" worships and prays to "the Demon."  *Id.*

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  The court must "accept as true the facts alleged, but not legal conclusions or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court must accept factual allegations in the complaint as true, but is not required to "accept as true any 'legal conclusion couched as a factual allegation'") (quoting *Iqbal*, 556 U.S. at 678).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  Still, even pro se complaints must "allege facts, which if true, state a claim as a matter of law."  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel."  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish:  (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both.  *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).  "If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity."  *Id.* (quoting *Artis v. Francis Howell N. Band Booster Ass'n*, 161 F.3d 1178, 1182 (8th Cir. 1998)); *see also S.A.A. v. Geisler*, 108 F.4th 699, 700 (8th Cir. 2024) ("Under the clear statement rule, our circuit interprets complaints that are silent about the capacity in which the defendant is sued as including only official capacity claims.").

3

Plaintiff does not state the capacity in which he sues CEO Anderson, so the Complaint is interpreted as only bringing an official-capacity claim against Anderson. "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). SEMMHC is a state entity, so Plaintiff's claim against Anderson is a claim against the State of Missouri. Plaintiff's claim fails for two reasons. First, the State of Missouri is not considered a "person" for purposes of a § 1983 suit, so Plaintiff is missing an essential element of a § 1983 claim. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983."). Second, the Eleventh Amendment precludes suits against non-consenting states by the state's own citizens or citizens of other states. *See* U.S. Const. amend. XI; *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004). No exception to sovereign immunity applies here because § 1983 does not revoke a state's Eleventh Amendment immunity, *see Will*, 491 U.S. at 66, and Missouri has not waived its sovereign immunity for this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect and providing exceptions). Plaintiff's official-capacity claim against Defendant Anderson is therefore dismissed.

Even if Plaintiff had sued Anderson in her individual capacity, the claim would still be subject to dismissal. Plaintiff lists Anderson as a defendant in the caption of the Complaint, but there are no allegations that Anderson engaged in any specific act or conduct that deprived Plaintiff of a federally protected right. Therefore, the Complaint fails to state a § 1983 claim against Anderson. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (unpublished) ("[W]e agree with the District Court that [the plaintiff] failed to state any claim whatsoever against [the defendants] because he merely listed these individuals as defendants in his complaint and did not allege they were personally involved in the constitutional violations.").

The Complaint does not make any specific allegations against Defendants Huhn or Miles either. Plaintiff asserts no connection or personal responsibility of Huhn or Miles to his nearly "4 decades" of confinement. There are simply no specific allegations of wrongdoing against any Defendant. As such, the Complaint also fails to state § 1983 against Huhn and Miles. *See Krych*, 83 F. App'x at 855.

If Plaintiff is seeking release from custody, that relief is not available in a § 1983 action. To seek release from confinement, he must file a petition for writ of habeas corpus. *See Preiser*

*v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Finally, the factual allegations in Plaintiff's supplement regarding demons, devils, and witches "rise to the level of the irrational or the wholly incredible" and are therefore frivolous. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [3], is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the case is **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [2], is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of August, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE